David M. STROYNY, Petitioner,
Appellant,

v.

Timothy HALL, Respondent, Appellee.

No. 07–1825.

United States Court of Appeals,
First Circuit.

Sept. 17, 2008.

---

David M. Stroyny, on brief, pro se.

Martha Coakley, Attorney General, and Annette C. Benedetto, Assistant Attorney General, on brief, for appellee.

Before LYNCH, Chief Judge,
TORRUELLA and BOUDIN, Circuit Judges.

PER CURIAM.

We have reviewed the record and the parties' submissions, and we affirm. It was not unreasonable for the Massachusetts Supreme Judicial Court ("SJC") to reject petitioner David Stroyny's ("Stroyny's") claim that certain remarks by his attorney during his opening statement amounted to ineffective assistance. As the SJC noted, "counsel's opening argument advanced the defense theories of lack of criminal responsibility and mental impairment and his remarks, in context, were to that effect." *Commonwealth v. Stroyny,* 435 Mass. 635, 651, 760 N.E.2d 1201, 1215 (2002). Indeed, his brief in this court does not argue otherwise. Stroyny's claim that his attorney's statement somehow eviscerated his separate defense of provocation is a new one that has not been asserted before now. It was neither included in his brief before the SJC, nor was it included in Stroyny's federal habeas petition. Accordingly, this aspect of his ineffective assistance claim is not properly before this court. Moreover, we see nothing in the opening statement that would have defeated Stroyny's claim of reasonable provocation. While that separate defense was not mentioned in the opening statement, Stroyny's attorney did present evidence in support of that defense and he discussed it in some detail in his closing argument.

Stroyny also objects to the SJC's conclusion that his attorney did not provide ineffective assistance in failing to object to the admission of certain incriminating statements Stroyny made shortly after the victim's death or to request a "humane practice" instruction. *See Commonwealth v. Benoit,* 410 Mass. 506, 512, 574 N.E.2d 347, 351 (1991). The statements in question were admissible under Massachusetts law, as the SJC separately concluded; the trial court was not required under state law to give the instruction; and the evidence did not support such an instruction. Thus, it was not unreasonable for the SJC to conclude that counsel's failure to object to admission of the statements or to request a "humane practice" instruction did not prejudice Stroyny.

Finally, Stroyny challenges his attorney's failure to object to the trial court's instructions on the element of malice and on the element of "extreme atrocity or cruelty." While those instructions were erroneous under state law, the Massachusetts SJC concluded that those errors were harmless; and that conclusion was not unreasonable. Accordingly, it was not unreasonable for the SJC to conclude that counsel's failure to object to the instructions did not prejudice Stroyny.

*Affirmed. See* 1st Cir. R. 27.0(c).